IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LALO SANCHEZ,

       Plaintiff,

                                 Civil No. 12-00349 MV/WDS

    v.

PITRE, INC.; and INTERNATIONAL
FIDELITY INSURANCE COMPANY,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendants' Motion to Dismiss [Doc. 15].
The Court, having considered the motion, briefs, relevant law and being otherwise fully informed,
finds that the Motion is well-taken and will be granted.

## BACKGROUND

Plaintiff's Complaint for Damages ("Complaint") arises out of his purchase of a used
vehicle from Defendant Pitre, Inc. ("Pitre"), an automobile dealer in Albuquerque, New Mexico.
The Complaint alleges a claim under the Credit Repair Organization Act ("CROA"), 15 U.S.C.
Section 1679 *et seq.* (First Claim for Relief), and claims under New Mexico law, namely, common
law fraud (Second Claim for Relief) and the New Mexico Unfair Practices Act (Third Claim for
Relief).   In connection with his CROA claim, Plaintiff alleges that, in an effort to sell Plaintiff a
vehicle he could not afford, Pitre filled out an application on Plaintiff's behalf to secure financing,
falsified Plaintiff's income information on the application, and sent the application to Wells Fargo
Bank.   *See* Doc. 1 ¶¶ 1-7, 39-51 (Complaint).   According to Plaintiff, by thus making a false
statement to a bank in connection with the sale of a vehicle, Pitre violated the CROA.   *Id.* ¶ 7.

Also according to Plaintiff, for purposes of this transaction, Pitre acted as a "credit repair organization" within the meaning of the CROA.  *Id.* ¶ 10.

On July 23, 2012, Defendants Pitre and International Fidelity Insurance Company filed the instant motion to dismiss.  Doc. 15.   In support of their motion, Defendants argue that because Pitre is not a credit repair organization, it is not subject to suit under the CROA, and thus the Court should dismiss Plaintiff's CROA claim.   Defendants further argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and thus dismiss the Complaint in its entirety.   Plaintiff filed a response in opposition on July 30, 2012.   Doc. 16. Defendants' reply followed on August 13, 2012.   Doc. 17.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   A complaint "that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss.   *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

I.   Applicability of the CROA

Defendants argue that Plaintiff's claim under the CROA should be dismissed, as the Complaint contains no allegations of fact that establish either that Pitre is a "credit repair organization," as defined in Section 1679a of the CROA, or that Pitre engaged in any acts that would subject it to the CROA.   Doc. 15 at 6-7.[1]  Plaintiff acknowledges that Pitre does not qualify as a credit repair organization as defined in Section 1679a of the CROA.   Nonetheless, Plaintiff contends that, because Section 1679b(a) uses the term "person" rather than "credit repair organization" in describing conduct by the CROA, and because Pitre's misrepresentation of Plaintiff's income to a financial institution constitutes such prohibited conduct, Pitre is indeed subject to liability under the CROA.

In relevant part, Section 1676b(a) provides that it is a violation of the CROA for any "person" to: "(1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading . . . with respect to any consumer's credit worthiness, credit standing, or credit capacity to . . . (B) any person – . . . (ii) to whom the consumer has applied or is applying for an extension of credit."  15 U.S.C. § 1679b(a).   In reliance on a series of cases from the Northern District of Illinois, Plaintiff argues that the use of the term "person" in this provision encompasses more than simply credit repair organizations, and includes automobile dealerships,

---

[1]  The Court notes that Defendants provided the Court with no legal authority whatsoever addressing the specific issue of whether the CROA applies in this circumstance.

such as Pitre.   Doc. 16 at 4-7 (citing *Lacey v. William Chrysler Plymouth Inc.*, No. 02 C 7113, 2004 WL 415972, *7 (N.D. Ill. Feb. 23, 2004) ("This court has repeatedly held that defendants can be held liable under § 1679b even if the defendants are not credit repair organizations); *Rodriguez v. Lynch Ford, Inc.*, No. 03 C 7727, 2004 WL 2958772, *5 (N.D. Ill. Nov. 18, 2004) ("[I]t is not necessary to fit within the definition of 'credit repair organization' set forth in 1679a to be limited by the prohibitions of 1679b."); *Parker v. 1-800 Bar None, a Fin. Corp., Inc.*, No. 01 C 4488, 2002 WL 215530 (N.D. Ill. Feb. 12, 2002) ("Even if this Court held that Bar None is not a 'credit repair organization' under section 1679a(3)(A), Parker can nevertheless state a claim against Bar None and Gateway under section 1679b of the CROA.").   Plaintiff urges the Court to adopt this broad interpretation of Section 1679b(a) as consistent with the remedial consumer protection purpose behind the CROA.   Doc. 16 at 6-10.

While taking seriously the policy considerations thoughtfully raised by Plaintiff, the Court nonetheless cannot agree with an interpretation of Section 1679b(a) that, as the Court in *Lacey* acknowledged, would subject "every person within the jurisdiction of the United States, whether or not they are engaged in the business of credit improvement," to liability under the CROA. *Lacey*, 2004 WL 415972, at *7.   The Court respectfully disagrees that the language of the statute binds the Court to this interpretation.   Rather, "the language of the statute speaks to actions in conjunction with using the services of a credit repair organization."   *Nixon v. Alan Vester Auto Group, Inc.*, No. 1:07CV839, 2008 WL 4544369, *7 (M.D.N.C. Oct. 8, 2008).   This "would appear to be the intent of Congress and the better reading of the statute."   *Id.*

Thus, the Court follows those cases which have held that "[t]he plain language of the statute dictates that the CROA applies to a person's indirect fraudulent actions *taken in connection with the offer of credit repair services.*"   *Stith v. Thorne*, No. 3:06-CV-00240-D, 2006 WL

5444366, *10 (E.D. Va. Oct. 30, 2006) (emphasis added); *see also Wojcik v. Courtesy Auto Sales, Inc.*, No. 8:01CV506, 2002 WL 31663298, *8 (D. Neb. Nov. 25, 2002).   Where there are no allegations that a defendant rendered credit repair services, the CROA is simply inapplicable to the defendant's conduct.   The rationale for this distinction is as follows:

> Congress's focus in enacting the CROA was on the credit repair industry, and specifically for regulation of credit repair organizations.   Although [Section 1679b(a)] uses the word "person," it is clear that it was not Congress' intent to have the CROA apply to all persons, whether they are associated with credit repair or not.   Thus, only a credit repair organization or a "person" associated with a credit repair organization can violate the CROA.

*Henry v. Westchester Foreign Autos, Inc.*, 522 F. Supp. 2d 610, 613 (S.D.N.Y. 2007).

In the instant case, Plaintiff does not allege that Pitre was a credit repair organization, or held itself out as offering any form of credit repair services.   Absent such allegations, Plaintiff's claim under the CROA should be dismissed.

II.     Supplemental Jurisdiction

Defendants argue that, once the Court dismisses Plaintiff's only federal claim, the Court should decline to exercise jurisdiction over Plaintiff's claim of violations of the New Mexico Unfair Practices Act, which arises under state law.   Doc. 15 at 7.   Defendants neglect to mention or address the issue of the Court's jurisdiction over Plaintiff's common law fraud claim, which also arises under state law.

The Court has discretion to decline to exercise jurisdiction where, as here, the court dismisses "all claims over which it has original jurisdiction."   28 U.S.C. § 1367(c)(3).   "The Supreme Court has instructed that 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *Merrifield v. Bd of County Comm'rs for Santa Fe*, 654 F.3d 1073, 1085 (10th

Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).   Further, the Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."   *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).

Taking into consideration the relevant factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over either of Defendant's state law claims. The interests of judicial economy, convenience, fairness and comity all weigh in favor of allowing the state court the opportunity to resolve Plaintiff's state law claims.   Accordingly, the Court will dismiss, without prejudice, Plaintiff's Complaint in its entirety.

### CONCLUSION

Because the Complaint does not allege that Defendant Pitre was a credit repair organization, or held itself out as offering any form of credit repair services, Plaintiff's claim under the CROA should be dismissed.   Because the interests of judicial economy, convenience, fairness and comity all weigh in favor of allowing the state court the opportunity to resolve Plaintiff's remaining state law claims, the Court will dismiss, without prejudice, Plaintiff's Complaint in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. 15] is **GRANTED**.

DATED this 26th day of February, 2013.


MARTHA VÁZQUEZ
United States District Judge